## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Bar D Financial Services, Inc.

March 21, 1994

BY JUDGE T. J. MARKOW

This matter was tried by the court without a jury on February 15, 1994. All parties were present with counsel. The court received submissions of the parties and heard testimony of witnesses and argument of counsel, and the matter is now ripe for decision.

The evidence at trial showed that during the period from February 1, 1991, until approximately December 10, 1992, defendant operated a check cashing and check advance business under the trade name of Payday at 519 E. Little Creek Road in Norfolk, Virginia. One of the services defendant offered involved advancing funds to customers against post-dated checks at a discount from the face value of the check presented.

The Commonwealth called as a witness a former customer of defendant who testified that a typical transaction involved the customer drawing a post-dated check to defendant for $100.00 with the knowledge of both the customer and defendant that there were not sufficient funds in the customer's bank account at the time the check was issued to cover the amount of the check; defendant would accept the check, pay the customer $83.00 in cash, and agree to defer presentment of the customer's check until the date of the check, which date generally corresponded with the customer's payday. On the agreed upon future date, the customer would return to defendant, provide defendant with the amount of his check in cash and retrieve his initial check, or alternatively allow defendant to deposit and present his check for payment. During this process, the customer's check was held for a period of up to fifteen days. The parties stipulated that this witness' testimony of the check advancement transaction accurately described a typical

transaction involving him and other customers, and that this service represented a substantial part of the business of the defendant. The parties further stipulated that defendant has never been granted a consumer finance license by the State Corporation Commission pursuant to Va. Code § 6.1–249 of the Virginia Consumer Finance Act.

The issue is whether these check advancement transactions constituted loans by defendants in violation of the Virginia Consumer Finance Act (the Act), Va. Code §§ 6.1–244, *et seq.*, and if so, whether the interest, fees, or other charges defendant charged exceeded the rate permitted by law.

The Act prohibits any unlicensed lender, unless exempt from the Act's provisions, from making loans in amounts of $3,500 or less, and charging, contracting for or receiving, directly or indirectly, any interest, charges, compensation, consideration or expense which in the aggregate is greater than 12% per year. Defendant has never been exempt from the provisions of the Act.

A "loan" is defined as the "delivery by one party to and receipt by another party of [a] sum of money upon agreement, express or implied, to repay it with or without interest." *Black's Law Dictionary*, 936 (6th ed. 1990). A check is a negotiable instrument in the form of a draft drawn on a bank and payable on demand. Va. Code § 8.3–104. In its very essence a check is an order by the drawer that the drawee (usually a bank) pay to the holder of the check the amount of the check from funds on deposit with the drawee. It also constitutes an acknowledgement of indebtedness and an unconditional promise of the drawer to pay the payee or holder. By drawing and delivering a check to the payee, the drawer commits himself to pay the amount of the check if the drawee refuses payment upon presentment.

Applying these principles to the case at bar, the court finds that defendant's acts of advancing funds to customers against post-dated checks, discounted by a particular amount, in exchange for full payment at a later time as described above constituted loans which are subject to the Act. The defendant would accept a check and agree to defer presentment until sufficient funds were deposited to cover it. Both the defendant and the customer knew that there were no funds on deposit upon which payment could be made at the time the check was issued. The customer, by drawing and delivering the check, acknowledged an indebtedness in the amount of the check, and unconditionally promised to pay it at a future date. The court rejects defendant's argu-

ment that because neither it nor its customers ever intended to make loans, the transactions do not constitute loans. Both defendant and its customers intended to do what they did, and what they did constituted loans.

Having determined that defendant's check advancement of post-dated checks are loans covered by the Act, the only remaining issue is whether the interest, charges, compensation, consideration or expense charged by defendant exceeded the rate permitted by law.

Va. Code § 6.1–330.55 sets the current contract rate of interest permitted on loans in Virginia at 12% per year, unless a higher rate is authorized by some other Code section. This Code section applied during the relevant times mentioned herein. Defendant has not been granted a consumer finance license by the State Corporation Commission pursuant to § 6.1–249 of the Act, and at no time was otherwise exempt from the Act. Accordingly, defendant may not make loans in amounts of less than $3,500.00, and charge, contract for or receive interest, charges, compensation, consideration or expenses which in the aggregate exceed 12% per year.

The evidence at trial revealed that the interest, charges, compensation or other expense that defendant charged greatly exceeded 12% per year. Accordingly, all cash advancements of post-dated checks made by defendant in amounts of $3,500.00 or less, and for which it charged, contracted for or received interest, charges or other compensation in excess of 12% per year, are null and void. Defendant may not legally collect, retain or receive any principal, interest or other charges on any such loans.

Therefore, for the reasons stated herein, the court declares that all loans made by defendant in violation of Va. Code §§ 6.1–249 and 6.1–330.5 are null and void.